**Daniel CARDENAS–RUBIO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–73884.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 14, 2010.*

Filed Jan. 6, 2011.

Sanjay Sobti, Esquire, Corona, CA, for Petitioner.

Lisa Marie Arnold, Senior Litigation Counsel, OIL, U.S. Department of Justice, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

MEMORANDUM **

Daniel Cardenas–Rubio, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

In his opening brief, Cardenas–Rubio failed to address, and therefore has waived any challenge to, the BIA's dispositive determination that his motion was untimely without exception. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

We lack jurisdiction to review Cardenas–Rubio's ineffective assistance of counsel contention because he failed to raise that issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (this court lacks jurisdiction to review contentions not raised before the agency).

Cardenas–Rubio's contention that the BIA violated his due process rights by disregarding his hardship evidence is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Cardenas–Rubio's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.